

Send To
STEVEN W JAMISON

1104 BERGAN RD
ORELAND, PA 19075-2506

Dear Borrower(s),

**If you are in an active or discharged bankruptcy case, this communication is for informational purposes only, this communication is not an attempt to collect, offset or recover any pre-petiton or discharged debt against you personally**

Congratulations!  You have been approved for a Standalone Partial Claim. Here are a few things to know:

- Your mortgage loan will be reinstated to current.
- Sun West will file a claim with the agency to repay the missed payments and a lien will be placed on your property for this Partial claim.
- Agency does not require repayment of the claim until the maturity of the mortgage, the sale of the property, the payoff of the mortgage or a refinance of the mortgage.
- The claim filed is an interest-free subordinate mortgage.
- Your next monthly payment is due on 09/01/2024.

Enclosed you will find a Promissory Note, Partial Claim agreement, Payment Letter and Compliance agreement. Please sign, notarize and return the documents in the postage paid envelope that was provided to you. Please ensure that the notary signs and notarizes in the appropriate fields.

Most importantly, please return the Agreements within the stipulated time as mentioned on the Payment Letter as these are time sensitive documents that require your immediate attention.

Sincerely,
MARIA VELASQUEZ

Mortgage Assistance Department
Sun West Mortgage Company, Inc.
Toll-Free: 800-345-7884| Ext. 82258|
Email: mortgageassistancedocs@swmc.com

This communication is from a debt collector and it is for the purpose of collecting a debt and any information obtained will be used for that purpose. This notice is required by the provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the bankruptcy laws of the United States.

HUD STATEMENT Pursuant to section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home. You may obtain a list of the HUD-approved housing counseling agencies by calling HUD nationwide toll free telephone number at (800) 569-4287.

 

## Checklist for Signing Agreements

Dear Borrower(s):

Enclosed you will find Partial Claim Agreement, Promissory Note, Compliance Agreement and Payment letter, you must sign the agreements in front of notary and return by 25th day of August, 2024 in order for this terms to be made effective.

For your reference we have listed some important pointers that you must follow while signing the agreements:

(✓)

1. Does the document contain all the required original signatures?   ( )

2. Is the document dated?   ( )

3. Is the document dated the same day of notarization?   ( )

4. Is the notary seal legible (clear and visible) ?   ( )

5. Is the notary's license current (must not have expired), Is expiration date visible in the notary seal and mentioned in notary acknowledgment?   ( )

In the event the completely signed agreements are not received by 08/25/2024 or if corrections are required on the agreements submitted, we may not be able to complete this partial claim request and your partial claim request will be denied.

| NAME | SIGNATURE |
|---|---|
| STEVEN W JAMISON | |
| VALERIE A JAMISON | |
| NA | |
| NA | |

 

## Outstanding Fees and Cost Letter

Date: 07/07/2024

Loan Number: 117129021800

Property Address: 1104 BERGAN RD, ORELAND, PA 19075-2506

Dear Steven W Jamison;

We would like to bring to your attention the remaining outstanding fees on your loan. Due to Agency guidelines, we are unable to include these fees as part of your Partial Claim amount.

Please reference the table below for a breakdown of the outstanding fees, as of date of this letter:

| Expense Details | Amount (in $) |
|---|---|
| Outstanding Property Inspection Fees | $260.00 |
| Outstanding Title Fees | $0.00 |
| Assessment fees | $15.00 |
| Subordination Fees | $0.00 |
| Other | $0.00 |
| **Total** | **$275.00** |

Please pay these outstanding fees by 08/25/2024.

Please note that Sun West does not charge any fees for processing a Partial Claim. The outstanding fees are strictly due to the expenses outlined in the above table.

You can pay the outstanding fees through one of the following methods:

| Method of Payments | How to do it |
|---|---|
| Pay-By- Phone | By calling us at (800) 345-7884 (ext. 7882) between 7:00 AM to 7:00 PM PT Monday through Friday (Except Federal Holidays) |
| Western Union Quick collect | Make payment via Western Union use City Code: SUNWEST, State Code: CA |
| Overnight Mail | Mail us your payment overnight to:<br>18303 GRIDLEY RD,<br>CERRITOS, CA 90703 |
| Mail Payment | Mail us your monthly payment at the following address:<br>Sun West Mortgage Company, Inc.<br>P.O BOX 6007 Artesia, CA 90702-6007<br>• Please write your complete loan number on the memo line of your check or money order before sending your payment. |

Note: If you are making Western Union payment and intend for it to be posted the same day; you must call the servicing department and provide the Western Union MTCN (Money Transfer Control Number) no later than 5:00 PM PST on that day. We cannot guarantee that a Western Union payment made after 5:00 PST will be posted the same day.

 

Sun West may not be able to proceed with the loan modification if Sun West does not receive these pending fees by 08/25/2024.

If you have any further questions regarding the matter, please contact your assigned Single Point of Contact MARIA VELASQUEZ Toll Free 1-800-345-7884 - 82258

Sincerely,

MARIA VELASQUEZ
Mortgage Assistance Department
Toll-Free: 800-345-7884| Ext. 82258|
Email: mortgageassistancedocs@swmc.com
Sun West Mortgage Company, Inc. [NMLS ID: 3277]

This communication is from a debt collector but does not imply that Sun West Mortgage Corporation, Inc. is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment.

Please be advised that any telephone calls between you and any representative of Sun West Mortgage Company, Inc. may be monitored and recorded for record-keeping, training and quality assurance purposes.

HUD STATEMENT Pursuant to section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home. You may obtain a list of the HUD-approved housing counseling agencies by calling HUD nationwide toll free telephone number at (800) 569-4287.

Please note that foreclosure proceedings will not take place on any loan that is under active loss mitigation review. Your loan is not under an active loss mitigation review until all of the required documents are received. Please consider contacting Servicers of any other mortgage loans secured by the same property to discuss available Loss Mitigation options.

# PAYMENT LETTER TO BORROWER

FROM:   SUN WEST MORTGAGE COMPANY, INC.
18303 Gridley Rd,
Cerritos, CA 90703

RE:   Old Loan Number:   117129021800

Property Address:   1104 BERGAN RD, ORELAND, PA 19075-2506

TO:   STEVEN W JAMISON & VALERIE A JAMISON
1104 BERGAN RD, ORELAND, PA 19075-2506

Dear Borrower(s):

If you have an active or discharged bankruptcy case, the enclosed letter/agreement is for informational purposes only. This letter/agreement is not an attempt to collect, offset or recover any of the discharged debt against you personally. Please take note that any loss mitigation options available to you are 100% voluntary on your part. Sun West is in no way attempting to reaffirm the discharged debt by offering loss mitigation assistance to you. If you enter into a Loss mitigation program such as a loan modification, you do so voluntarily and Sun West agrees that you will not have personal liability on the debt pursuant to that agreement.

You must sign and return the enclosed agreements and this payment letter no later than 25th day of August, 2024 to indicate your intent to accept this offer. The monthly payments on the above referred loan are to begin on 1st day of September, 2024 and will continue monthly until 1st day of May, 2047.

Your monthly payment will consist of the following:

| | |
|---|---:|
| PRINCIPAL AND INTEREST | $1,734.20 |
| MMI/PMI INSURANCE | $190.66 |
| RESERVE FOR TAXES AND PROPERTY INSURANCE | $720.68 |
| TOTAL MONTHLY PAYMENTS | $2,645.54 |

The monthly escrow payments towards mortgage insurance, taxes, hazard insurance, flood insurance, etc. are subject to change from time to time as required.

You are to make your payments to:

SUN WEST MORTGAGE COMPANY, INC.
P.O. BOX 6007
Artesia, CA 90702-6007

Any correspondence, or calls, in reference to your loan, please refer to the above loan number.

| STEVEN W JAMISON | | |
|---|---|---|
| Printed Name | Borrower's Sign | Date |

| VALERIE A JAMISON | | |
|---|---|---|
| Printed Name | Borrower's Sign | Date |

| NA | NA | NA |
|---|---|---|
| Printed Name | Borrower's Sign | Date |

# COMPLIANCE AGREEMENT

| | | |
|---|---|---|
| STATE | PENNSYLVANIA | ) |
| COUNTY | MONTGOMERY | ) ss: |
| LOAN NUMBER | 117129021800 | ) |
| LENDER | SUN WEST MORTGAGE COMPANY, INC. | |
| BORROWER(S) | STEVEN W JAMISON & VALERIE A JAMISON | |
| PROPERTY | 1104 BERGAN RD, ORELAND, PA 19075-2506 | |

The undersigned borrower(s) for and in consideration of the above referenced Lender this date funding the closing of this loan agrees, if requested by Lender or Closing Agent for Lender, to fully cooperate and adjust for clerical errors, any or all loan closing documentation if deemed necessary or desirable in the reasonable discretion of Lender to enable Lender to sell, convey, seek guaranty or market said loan to any entity, including but not limited to, an investor, Fannie Mae, Freddie Mac, Federal Housing Authority, the Department of Veterans Affairs or any municipal bonding authority.

The undersigned borrower(s) agree(s) to comply with all above noted requests by Lender or Closing Agent for Lender within 30 days from the date of mailing said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses, for failing to comply with correction requests in such 30 day time period.

The undersigned borrower(s) do hereby so agree and covenant in order to assure that the loan documentation executed this date will conform and be acceptable in the market place in the instance of transfer, sale or conveyance by Lender or its interest in and to said loan documentation.

Date Effective:    7th day of July, 2024

| NAME | SIGNATURE |
|---|---|
| STEVEN W JAMISON | |
| VALERIE A JAMISON | |
| NA | NA |

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of _____ )
County of _____ ) ss:

On _____ before me, _____
      (Date)                              (Name of Notary)

personally appeared STEVEN W JAMISON AND VALERIE A JAMISON

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Signature

_____
Notary Commission Expiration Date

            NOTARY SEAL
_____

FHA Case No #: 4463306583703

# PROMISSORY NOTE

7th day of July, 2024
1104 BERGAN RD, ORELAND, PA 19075-2506

1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of Fifteen Thousand Eight Hundred Ninety Three Dollars and Eighty Cents (U.S. $15,893.80), to the order of the Lender.

3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

4. MANNER OF PAYMENT

(A) Time

On, 1st day of May, 2047 or, if earlier, when the first of the following events occurs:

i. Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

ii. The maturity date of the primary Note has been accelerated, or

iii. The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary, or

iv. The property is not occupied by the purchaser as his or her principal residence.

(B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

5. BORROWER'S RIGHT TO REPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person, who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

STEVEN W JAMISON

_____        _____
Printed Name                                                   Borrower's Sign

VALERIE A JAMISON

_____        _____
Printed Name                                                   Borrower's Sign

NA                                                                     NA

_____        _____
Printed Name                                                   Borrower's Sign

NA                                                                     NA

_____        _____
Witness* Name                                                Witness* Sign

NA                                                                     NA

_____        _____
Witness** Name                                              Witness** Sign

*Witness (individual in addition to notary) required if property located in the state of Georgia
**Witness and 2nd witness required if property located in the state of South Carolina and Florida. (2nd witness can also be notary)
**Witness and 2nd witness required if property located in the state of Louisiana and Virgin Islands. (2nd witness cannot be notary)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

BORROWER(s) ACKNOWLEDGMENT:

State of _____ )
County of _____ )

On _____ before me, _____
        (Date)                                    (Name of Notary)

personally appeared STEVEN W JAMISON AND VALERIE A JAMISON

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)     _____
                                                                                Notary Commission Expiration Date

This Instrument is prepared by:
Sara Marshall

SUN WEST MORTGAGE COMPANY, INC.

18303 Gridley Rd,
Cerritos, CA 90703
After recording return to

SUN WEST MORTGAGE COMPANY, INC.

18303 Gridley Rd,
Cerritos, CA 90703
NMLS ID: 3277
Loan #: 117129021800
Case No #: 4463306583703

MIN #: 100281600003326365
SIS #: (1-888-679-6377)
Loan Type: FHA

## Partial Claim Mortgage

This Partial Claim Mortgage referred to as SUBORDINATE MORTGAGE ("Security Instrument") is given between

The Secretary of Housing and Urban Development whose address is 451 Seventh Street, SW Washington, DC 20410, ("Lender"); and

STEVEN W JAMISON AND VALERIE A JAMISON ("Borrower")

Premises herein are or will be improved by a one or two family dwelling

Subject Property: 1104 BERGAN RD, ORELAND, PA 19075-2506

Recorded Date of Security Instrument: 24th day of April, 2017

 Instrument: 2017028934

County:  MONTGOMERY
Original Principal Sum: $337,301.00
Partial Claim Amount: $15,893.80

APN:  52-00-01330-004

Legal Description: Attached as Exhibit A hereto as and by this reference made a part hereof

FHA Case No #: 4463306583703

# Partial Claim Mortgage

This Partial Claim Mortgage referred to as SUBORDINATE MORTGAGE ("Security Instrument") is given on 7th day of July, 2024

The Mortgagor STEVEN W JAMISON AND VALERIE A JAMISON ("Borrower")

Whose address is 1104 BERGAN RD, ORELAND, PA 19075-2506

This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of Fifteen Thousand Eight Hundred Ninety Three Dollars and Eighty Cents (U.S. $15,893.80). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on 1st day of May, 2047. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in MONTGOMERY County PENNSYLVANIA :

which has the address of 1104 BERGAN RD, ORELAND, PA 19075-2506; ("Property Address")

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal. Borrower shall pay when due the principal of the debt evidenced by the Note.

2. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 10410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7. Acceleration; Remedies.

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 of original security Instrument unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

| STEVEN W JAMISON | |
|---|---|
| Printed Name | Borrower's Sign |
| VALERIE A JAMISON | |
| Printed Name | Borrower's Sign |
| NA | NA |
| Printed Name | Borrower's Sign |
| NA | NA |
| Witness* Name | Witness* Sign |
| NA | NA |
| Witness** Name | Witness** Sign |

*Witness (individual in addition to notary) required if property located in the state of
**Witness and 2nd witness required if property located in the state of South Carolina, Connecticut and Florida (2nd witness can also be notary)

** Witness and 2nd witness required if property located in the state of Louisiana and Virgin Islands (2nd witness cannot be notary)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

BORROWER(s) ACKNOWLEDGMENT:

State of _____ )
County of _____ )

On _____ before me, _____
      (Date)                                         (Name of Notary)

personally appeared STEVEN W JAMISON AND VALERIE A JAMISON

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)      _____
                                                                       Notary Commission Expiration Date

# FIDELITY NATIONAL TITLE INSURANCE COMPANY

## EXHIBIT A
## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE in Springfield Township, Montgomery County, Pennsylvania, described according to a Survey and Plan of "Wyndmoor Valley Section No. 1" made by George B. Mebus, Inc., Engineers, Glenside, Pennsylvania, dated July 31, 1957 which said plan is recorded in the Office for the Recording of Deeds at Norristown in Plan Book A-4, page No. 7 on September 11, 1957, described as follows to wit:

BEGINNING at a point on the Southwest side of Bergan Road (fifty feet wide) which point is measured North seventy-one degrees ten minutes forty-nine seconds West forty-seven and one one-hundredths feet from a point, which point is measured on the arc of a circle curving to the left having a radius of four hundred seventy-five feet the arc distance of one hundred eighty-nine and sixty-eight one-hundredths feet from a point, which point is measured on the arc of a circle curving to the left having a radius of twenty feet the arc distance of twenty-nine and sixty-two one-hundredths feet from a point on the Northwest side of Lantern Lane (fifty feet wide); thence extending South eighteen degrees forty-nine minutes eleven seconds West one hundred ninety-five feet to a point; thence extending North fifty-seven degrees thirty-seven minutes thirty-eight seconds West ninety-two and fifty eight one-hundredths feet to a point; thence extending North eighteen degrees forty-nine minutes eleven seconds East one hundred seventy-three and thirty one-hundredths feet to a point on the Southwest side of Bergan Road; thence extending along the Southwest side of Bergan Road South seventy-one degrees ten minutes forty-nine seconds East ninety feet the the first mentioned point and place of beginning.

BEING Lot No. 28 Bergan Road. (1104 Bergan Road, Wyndmoore Valley)

BEING Parcel No. 52-00-01330-00-4

Prepared By
And when recorded mail to:

**SUN WEST MORTGAGE COMPANY, INC.**
**1**8303 Gridley Rd, Cerritos, CA 90703

# CERTIFICATE OF RESIDENCE OF PARTIAL CLAIM MORTGAGE

| | |
|---|---|
| Loan No: | 117129021800 |
| Name: | STEVEN W JAMISON AND VALERIE A JAMISON ("Borrower") |
| A.P.N: | 52-00-01330-004 |
| Lender: | The Secretary of Housing and Urban Development |
| Subject Property: | 1104 BERGAN RD, ORELAND, PA 19075-2506 |

This is to certify that the mailing address of the Mortgagee is 451 Seventh Street, SW Washington, DC 20410

_____
**POONKUZHALI VALLINAYAGAM**